UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ANTONIO JONES,

                Plaintiff,

v.                                                 9:13-CV-1004
                                                 (GTS/DEP)

JOSEPH T. SMITH, Superintendent, Shawangunk
Corr. Facility; GARDNER, Lt., Shawangunk Corr.
Facility; ALBERT PACK, Director of Special
Housing, NYS DOCCS; and JAMES ESGROW,
Hearing Officer, Southport Corr. Facility,

                Defendants.
_____

APPEARANCES:

ANTONIO JONES, 96-B-1330
  Plaintiff, *Pro Se*
Elmira Correctional Facility
P.O. Box 500
Elmira, New York 14902

HON. ERIC T. SCHNEIDERMAN                    JAMES B. McGOWAN, ESQ.
Attorney General for the State of New York        Assistant Attorney General
  Counsel for Defendants
The Capitol
Albany, New York 12224

GLENN T. SUDDABY, United States District Judge

## **DECISION and ORDER**

      Currently before the Court, in this *pro se* prisoner civil rights action filed by Antonio

Jones ("Plaintiff") against the four above-captioned New York State correctional employees

("Defendants"), are United States Magistrate Judge David E. Peebles' Report-Recommendation

recommending that Defendants' motion to dismiss the remaining claims in Plaintiff's Amended

Complaint be dismissed for failure to state a claim upon which relief can be granted pursuant to

Fed. R. Civ. P. 12(b)(6), and Plaintiff's Objections to the Report-Recommendation. (Dkt. Nos. 45, 50.) For the reasons set forth below, Magistrate Judge Peebles' Report-Recommendation is accepted and adopted in its entirety, and Plaintiff's Amended Complaint is dismissed.

## I. RELEVANT BACKGROUND

### A. Plaintiff's Amended Complaint

Following the Court's Decision and Order of June 23, 2014, all of the claims asserted in Plaintiff's Amended Complaint were dismissed except the following: Plaintiff's Fourteenth Amendment due process claims against Defendants Gardner, Smith, Prack and Esgrow arising from the two disciplinary hearings conducted regarding the May 2011 inmate misbehavior report that Plaintiff received. (Dkt. Nos. 26, 20.) Familiarity with the factual allegations supporting these claims in Plaintiff's Amended Complaint is assumed in this Decision and Order, which is intended primarily for review by the parties.

### B. Magistrate Judge Peebles' Report-Recommendation

Generally, in his Report-Recommendation, Magistrate Judge Peebles rendering the following two findings and conclusions: (1) because a New York State court determined in an Article 78 proceeding that Plaintiff's due process rights under the Fourteenth Amendment were not violated during his first disciplinary hearing, and because Plaintiff had a full and fair opportunity to litigate those due process issues in that proceeding, he is collaterally estopped from reasserting that claim in this action; and (2) because Plaintiff has failed to allege facts plausibly suggesting that he was deprived of a protected liberty interest in his second disciplinary hearing (but merely received a sentence of time served followed by an expungement), he has failed to state a Fourteenth Amendment due process claim with regard to that hearing. (Dkt. No. 45, at Part III.) Familiarity with the particular finding and conclusions in

Magistrate Judge Peebles' Report-Recommendation is assumed in this Decision and Order, which (again) is intended primarily for review by the parties.

	C.	**Plaintiff's Objections**

Generally, the arguments asserted in Plaintiff's Objections may be organized into two groups. (Dkt. No. 50.)

First, Plaintiff argues, Magistrate Judge Peebles erred in recommending the dismissal of Plaintiff's due process claims arising from his first disciplinary hearing, because (a) the Article 78 court erred in finding that Defendant Gardner had a good faith reason for denying Plaintiff's request to call IG Investigator Gessner testify (given Plaintiff's hearing testimony that Gessner had confiscated and returned the photographs to Plaintiff, and Gardner's access to "facility records" confirming that fact), (b) Magistrate Judge Peebles omitted from consideration Plaintiff's claim that Gardner's decision was unsupported by substantial evidence, (c) the Article 78 court erred in finding that Plaintiff had not demonstrated how he needed the DOCS memorandum to marshal a meaningful defense, and (d) Plaintiff's failure to perfect an appeal does not serve as evidence that he had a full and fair opportunity to litigate his claims in state court (given that the failure was prompted merely by the victory he obtained in an underlying administrative proceeding). (Dkt. No. 50, at ¶¶ 37-67.)

Second, Plaintiff argues, Magistrate Judge Peebles erred in recommending the dismissal of Plaintiff's due process claims arising from his second disciplinary hearing, because (a) the only reason Defendant Esgrow did not impose a greater penalty on Plaintiff at the rehearing is that 7 N.Y.C.R.R. § 254.8(d) provides that the penalty imposed at the new hearing may not exceed the penalty imposed at the original hearing, and (b) the fact that the same rights that were violated at the first hearing were violated at the second hearing show that "the violations of

3

Plaintiff's rights at his second hearing were a continuation of the constitutional rights violated at his first disciplinary hearing . . . ." (*Id*. at ¶¶ 68-72.)

## II.  GOVERNING LEGAL STANDARDS

### A.  Legal Standard Governing Review of a Report-Recommendation

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[1] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[2] Similarly, a district court will ordinarily refuse to consider argument that could

---

[1]  *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2]  *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the

have been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999). Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[3] Finally, when *no* objection is made to a portion of a report-recommendation, the Court

---

district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

[3]   *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F.

5

subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*[4]

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### B. Legal Standard Governing Motions to Dismiss for Failure to State a Claim, the Doctrine of Collateral Estoppel, and Claims of Denial of Procedural Due Process

Because Magistrate Judge Peebles correctly recited the legal standard governing the motions to dismiss for failure to state a claim, the doctrine of collateral estoppel and claims of denial of procedural due process (*see* Dkt. No. 45, at Part III), the Court will not repeat those legal standards in this Decision and Order, which (again) is intended primarily for the review of the parties.

### III. ANALYSIS

As an initial matter, Plaintiff's Objections fails to challenge Magistrate Judge Peebles' reliance on the fact of expungement with regard to Plaintiff's claims arising from his second

---

Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[4] *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

disciplinary hearing. (*Compare* Dkt. No. 45, at 19-20 [Report-Recommendation, citing *Valentine v. Honsinger*, 894 F. Supp. 154, 157 (S.D.N.Y. 1995)] *with* Dkt. No. 50, at ¶¶ 68-72 [Plf.'s Obj., not mentioning fact of expungement].) As a result, this portion of Magistrate Judge Peebles' Report-Recommendation is entitled to only a clear-error review, which it survives, thus serving as an independent ground for the dismissal of Plaintiff's claims arising from his second disciplinary hearing.

With regard to the remainder of the Report-Recommendation,[5] after carefully considering the matter, the Court can find no error in those portions of the Report-Recommendation: Magistrate Judge Peebles employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Court accepts and adopts the remainder of the Report-Recommendation for the reasons stated therein. (Dkt. No. 45.) To those reasons, the Court would add only the following analysis.

While the doctrine of claim preclusion (or res judicata) generally may not apply to an Article 78 proceeding, the doctrine of issue preclusion (or collateral estoppel) may apply. However, to apply the doctrine of issue preclusion in this case, the Court must consider the case's unique circumstances, rather than rigidly apply a bright-line rule. After carefully considering the case's unique circumstances, the Court concludes that the doctrine should apply, because Plaintiff had a full and fair opportunity to litigate the due process issues in his Article 78 proceeding. The Court reaches this conclusion three reasons (in addition to the reasons stated by Magistrate Judge Peebles).

---

[5] For the sake of brevity, the Court will assume that the arguments asserted in Plaintiff's Objections do not merely reiterate the arguments asserted in his opposition memorandum of law, although that fact is far from clear. (*Compare* Dkt. No. 50 [Plf.'s Obj.] *with* Dkt. No. 28, Attach. 2 [Plf.'s Opp'n Memo. of Law] *and* Dkt. No. 40 [Plf.'s Sur-Reply Memo. of Law] *and* Dkt. No. 41 [Plf.'s Suppl. Letter-Brief].)

First, Plaintiff does not allege facts plausibly suggesting that there is now available to him critical evidence that was not available to him at the Article 78 proceeding. (*See generally* Dkt. No. 20 [Plf.'s Am. Compl.].) The Court notes that it would reach the same conclusion even if it were to consider evidence outside the four corners of Plaintiff's Amended Complaint. (*Compare* Dkt. No. 38, Attach. 3 [attaching Witness Interview Notice, indicating what requests were denied] *and* Dkt. No. 38, Attach. 5 [attaching Superintendent Hearing Disposition, stating "Evidence Relied Upon"] *with* Dkt. No. 38, Attach. 1 [attaching Plf.'s Decl. in Opposition to Defs.' Motion, not setting forth the critical nature of the testimony of IG Investigator Gessner, the DOCS memorandum regarding a Rastafarian hand sign, or DOCS training materials–or even stating that such evidence is now available to him].)

Second, it does not appear that the Article 78 court deferred to the hearing officer's factual findings in deciding the due process issues raised by Plaintiff. *Matter of Jones v. Fischer*, No. 7577-11, 2012 N.Y. Misc. LEXIS 5106, at *3, 5-7 (N.Y. Sup. Ct., Albany Cnty. July 11, 2012).

Third, in any event, Plaintiff does not allege facts plausibly suggesting that, between the confiscation of the photographs on May 27, 2011, and the start of his disciplinary hearing on June 1, 2011, he was transferred to a Special Housing Unit, where was he deprived of the opportunity to investigate his claims before the disciplinary hearing began (any more than if he had not been transferred). (Dkt. No. 20, at ¶¶ II.E, II.F [Plf.'s Am. Compl.].) Again, the Court notes that it would reach the same conclusion even if it were to consider evidence outside the four corners of Plaintiff's Amended Complaint. (Dkt. No. 38, Attach. 9 [attaching Inmate Misbehavior Report, indicating that Plaintiff was not "moved to another housing unit" after the confiscation of the photographs]; Dkt. No. 38, Attach. 3 [attaching Witness Interview Notice,

indicating that Plaintiff was able to *request* certain witness testimony and documentary evidence, although those requests were denied]; Dkt. No. 38, Attach. 4 [attaching memo from Plaintiff to his hearing assistant regarding "Documents To Get For Hearing"]; Dkt. No. 38, Attach. 8 [attaching hearing transcript in which Plaintiff admits he was assigned a hearing assistant].)

Moreover, in addition to the reason cited by Magistrate Judge Peebles for concluding that the Article 78 court found that Plaintiff's due process rights were not violated with regard to the DOCS memorandum (Dkt. No. 45, at 11), the Court relies on the fact that the Article 78 court stated that, despite having had the opportunity to do so, Plaintiff had "not demonstrated how, or in what respect[,] he was prejudiced by the failure to produce [a DOCS memorandum regarding a Rastafarian hand sign] at the hearing." *Matter of Jones v. Fischer*, No. 7577-11, 2012 N.Y. Misc. LEXIS 5106, at *6 (N.Y. Sup. Ct., Albany Cnty. July 11, 2012).

With regard to Plaintiff's first group of objections (relating to his first disciplinary hearing), Plaintiff's arguments that the Article 78 court erred in various rulings are inapposite because the correctness of a ruling is not the issue in deciding to apply the doctrine of collateral estoppel. *See Laaman v. U.S.*, 973 F.2d 107, 112 (2d Cir. 1992) ("Collateral estoppel does not turn upon a determination that a prior ruling was correctly rendered, or that all possibly relevant arguments were made and authorities cited in the initial proceeding . . . ."). To the extent Plaintiff's arguments are aimed at showing that he lacked a full and fair opportunity to litigate his claim before the Article 78 court, those arguments fail as both unpersuasive and unsupported by the record before Magistrate Judge Peebles. While Plaintiff attempts to adduce new evidence during his Objections to the Report-Recommendation, the Court rejects that attempt, because it would be an inefficient use of judicial resources and frustrate the purposes of the Magistrates Act to consider evidentiary material that could have been, but was not, presented to Magistrate Judge

Peebles in the first instance. *See, supra,* Part II.A. of this Decision and Order. The Court notes that, even if it were inclined to consider the exhibits attached to Plaintiff's Objections (which it is not inclined to do), the Court would find that the three memoranda contained therein (dated May 1, 2009, May 27, 2009, and December 22, 2009) do not, in fact, show that IG Investigator Gessner determined that the photographs in question did not display or constitute "gang insignia or materials" for purposes of Rule 105.13, or that he even reviewed those photographs. (Dkt. No. 50, Attach. 1, at 9, 11, 13.) In any event, it is unclear how such a showing would be particularly relevant under the circumstances, given that neither innocent intent nor "investigative estoppel" is a defense to a charge of violating Rule 105.13. 7 N.Y.C.R.R. § 270.2.

Turning to the remaining arguments asserted in Plaintiff's first group of objections, while Magistrate Judge Peebles may have omitted from consideration a claim that Defendant Gardner's decision was unsupported by substantial evidence, both Plaintiff's Amended Complaint and the Court's Decision and Order of June 23, 2014, also omit such a claim from consideration. (*See generally* Dkt. No. 20, 26.) If such a claim can fairly be read into Plaintiff's Amended Complaint (which the Court finds it cannot, even through the most liberal of constructions), the time to argue that point was within fourteen days after June 23, 2014, in a motion for reconsideration, not on the eve of dismissal. N.D.N.Y. L.R. 7.1(g).[6] While claims asserted in a *pro se* complaint may sometimes be liberally construed as effectively amended by allegations asserted for the first time in a memorandum of law submitted in opposition to a motion to dismiss, it is an entirely different matter to construe claims asserted in an *amended* complaint as effectively amended by allegations asserted for the first time in an *objection to a report-recommendation*. In any event, this late-blossoming claim appears intertwined with a

---

[6] The Court notes that, during the time in question, a courtesy copy of the District's Local Rules of Practice and *Pro Se* Handbook were on file in Plaintiff's correctional facility.

theory that the doctrine of claim preclusion, or res judicata, barred correctional officers from charging him with Rule 105.13. (Dkt. No. 50, at ¶¶ 49-50.) If so, that theory was also considered, and rejected, by the Article 78 court. *Matter of Jones v. Fischer*, No. 7577-11, 2012 N.Y. Misc. LEXIS 5106, at *3 (N.Y. Sup. Ct., Albany Cnty. July 11, 2012).

Moreover, the proffered reason that Plaintiff failed to perfect his appeal of the Article 78 court's decision does not squarely address the point made by Magistrate Judge Peebles: one of the *several* reasons that Plaintiff had a full and fair opportunity to litigate the due process issues in the Article 78 proceeding is that he was able to file an appeal from the Article 78 court's decision. The Court notes that it not entirely clear that the favorable administrative determination that was issued May 31, 2013 (regarding Plaintiff's second disciplinary hearing), rendered moot his appeal from the Article 78 court's decision regarding his first disciplinary hearing. *See, e.g., Rivera v. Smith*, 528 N.Y.S.2d 930, 931 (N.Y. App. Div., 3d Dep't 1988). In any event, Plaintiff has not persuaded the Court that his *receipt* of the favorable administrative determination (which was not *issued* until May 31, 2013), was what caused him to fail to perfect his appeal by June 7, 2012 (nine months after the filing of his notice of appeal on September 7, 2012), as required by 22 N.Y.C.R.R. § 800.12. (Dkt. No. 38, Attach. 11, at 7; Dkt. No. 28, Attach. 1, at 3.) Rather, that decision appears to have been made long before he received the determination.

Finally, with regard to Plaintiff's second group of objections (relating to his second disciplinary hearing), Plaintiff's arguments (regarding the purported reason Defendant Esgrow did not impose a greater penalty on Plaintiff at the rehearing, and the purported similarity of violations at the two hearings) appear immaterial to the rule set forth in the two cases cited by Magistrate Judge Peebles, regarding the dispositive impact of a sentence of time served–*Walker*

*v. Bates*, 23 F.3d 652, 658-59 (2d Cir. 1994), and *Valentine v. Honsinger*, 894 F. Supp. 154, 157 (S.D.N.Y. 1995). In addition to those cases, the Court relies on *Jenkins v. Semintini*, 93-CV-2045, 1994 WL 150824, at *2 (S.D.N.Y. Apr. 19, 1994).

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Peebles' Report-Recommendation (Dkt. No. 45) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendants' motion to dismiss (Dkt. No. 28) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Amended Complaint (Dkt. No. 20) is **DISMISSED** in its entirety.

Dated: March 27, 2015
Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge